UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA A. HARRIS<br><br>**Plaintiff,**<br><br>-v-<br><br>ANN & ROBERT H. LURIE CHILDREN'S HOSPITAL OF CHICAGO<br><br>**Defendant.** | Case No.: 1:18-cv-03360<br><br>Judge:<br><br>**COMPLAINT**<br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff, Sara A. Harris, for her complaint against Ann & Robert H. Lurie Children's Hospital of Chicago ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action to secure redress in the form of injunctive relief, monetary damages, attorneys' fees and costs, and any other relief to which she may be entitled, for Defendant's knowing and/or willful violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), in connection with an abusive debt collection campaign it has waged upon Plaintiff. Plaintiff also brings forth a claim for invasion of privacy against Defendant.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is therefore conferred upon this Court by 47 U.S.C § 227 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff, Sara A. Harris ("Ms. Harris"), is a natural adult person residing in Chicago, Illinois, and is a "person" as that term is defined and/or used in the TCPA and ICFA.

5. Plaintiff is a "consumer" as that term is defined within 815 ILCS 505/1(e) of the ICFA.

6. Defendant, Ann & Robert H. Lurie Children's Hospital of Chicago, is a hospital which regularly engages in debt collection activity with respect to defaulted medical bills.

7. Defendant is a "person" as that that term is defined and/or used in the TCPA and ICFA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. In or around September 2017, Ms. Harris's son received medical treatment from Defendant. Ms. Harris believed and understood that her ex-husband, David Shuck ("Shuck"), the medical insurance holder for their son, would be billed by Defendant for her son's treatment and that the outstanding bills would be paid off.

10. In or around December 2017, Ms. Harris began receiving frequent calls from (312) 227-7211 to her personal cellular phone number: (xxx) xxx-1952.

11. The calls placed from (312) 227-7211 to Ms. Harris's cell phone were from Defendant.

12. For each call placed from (312) 227-7211 that Ms. Harris answered, a pre-recorded voice stated: "Hello, this is patient financial services of Lurie's Children's Hospital. Please call us at (877) 924-8200. Thank you."

13. For each call placed from (312) 227-7211 that Ms. Harris did not answer, the same pre-recorded message would be left as a voicemail on Ms. Harris's cell phone.

14. In December 2017, as the calls from Defendant persisted, Ms. Harris called Defendant back at (877) 924-8200 and instructed it to cease calling her. During that call, Defendant's agent confirmed that Shuck was the guarantor on the account.

15. In January 2017, as the calls from Defendant persisted, Ms. Harris again called Defendant and instructed it to cease calling her.

16. Despite Ms. Harris's multiple demands for the calls to cease, Defendant has continued to place repeated pre-recorded phone calls to her cell phone.

17. At this point, Ms. Harris is at a complete loss as to what else she can do to get the calls to stop. Hence, the instant action is being commenced.

## DAMAGES

18. Ms. Harris has suffered financial loss as a result of Defendant's actions.

19. The conduct of Defendant has been the producing and proximate cause of past, present and future mental distress and emotional anguish stemming from the ongoing invasion of Ms. Harris's privacy and other damages that will be presented to the jury.

20. Ms. Harris justifiably fears and believes that, absent this Court's intervention, Defendant will continue to call her incessantly, use other unlawful practices in attempting to collect from her, and ultimately cause her further unwarranted economic and non-economic harm.

21. Ms. Harris has increasing angst and stress that Defendant will never stop calling.

22. As a result of Defendant's conduct, Ms. Harris was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

23. As a result of Defendant's conduct, Ms. Harris is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other businesses from engaging in the unlawful collection practices as described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### *47 U.S.C. § 227(b)(1)(A)*

24. All prior paragraphs are incorporated into this count by reference.

25. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), prohibits calling persons on their cellular phone using an "artificial or prerecorded voice" without their consent.

26. Defendant utilized an artificial and/or prerecorded voice in connection with its calls to Plaintiff.

27. Defendant violated the TCPA by placing calls to Plaintiff's cellular phone using an artificial and/or prerecorded voice without Plaintiff's express consent. Any such consent Plaintiff *may* have previously given to Defendant indirectly was explicitly and expressly revoked by Plaintiff.

28. Despite actual knowledge that Plaintiff did not consent to the calls, Defendant chose to continue calling Plaintiff anyway.

29. After a reasonable time to conduct discovery, Plaintiff believes she can prove that Defendant's actions were taken intentionally, knowingly, willfully and with conscious disregard for the rights of Plaintiff.

30. After a reasonable time to conduct discovery, Plaintiff believes she can prove that Defendant's actions were taken knowingly and willfully in violation of the TCPA.

31. After a reasonable time to conduct discovery, Plaintiff believes she can prove that Defendant has engaged in a pattern and practice of such unlawful behavior.

32. As a direct and proximate result of Defendant's violations of the TCPA, Plaintiff has suffered considerable harm and injury, entitling Plaintiff to injunctive relief and statutory damages in specific amounts to be proved at trial, pursuant to § 227(b)(3) of the TCPA.

<u>COUNT II</u>
<u>VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
815 ILCS 505/2</u>

33. All prior paragraphs are incorporated into this count by reference.

34. Defendant's attempts to collect the subject debt from Plaintiff are part of the "conduct of any trade or commerce" as that phrase is defined, used and/or contemplated in the ICFA.

35. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."  815 ILCS 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper."  815 ILCS 505/10a.

36. Defendant engaged in unfair and deceptive acts or practices by calling Plaintiff repeatedly through means of an artificial and/or prerecorded voice without Plaintiff's consent and despite actual knowledge of Plaintiff's demands for such calls to cease. It was unfair for Defendant

5

to relentlessly contact Plaintiff through means of an artificial and/or pre-recorded voice when she requested that it no longer do so.

37. Defendant systematically engages in placing voluminous pre-recorded phone calls to consumers with past due accounts for purposes of coercing payment from those consumers.

38. Following its characteristic behavior in placing voluminous calls to consumers using a pre-recorded voice, Defendant engaged in unfair and deceptive conduct, willfully done with the hope that Plaintiff would be compelled to make payment.

39. Defendant intended that Plaintiff rely on its unlawful conduct in order to procure immediate payment of the subject debt.

40. As an experienced and sophisticated financial institution that routinely contacts consumers, Defendant has safeguards in place to avoid repeatedly calling parties who express their desire to not be contacted. Despite these safeguards, Defendant systematically engaged in continued collection activity against Plaintiff.

41. As set forth in paragraphs 18 through 23 above, Plaintiff has been harmed and has suffered considerable economic and non-economic damages as a result of Defendant's unlawful collection practices.

42. Plaintiff is therefore entitled to relief pursuant to 815 ILCS 505/10a.

43. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages under the ICFA in such an amount to be proved at trial.

## COUNT III
### INVASION OF PRIVACY – INTRUSION UPON SECLUSION

44. All prior paragraphs are incorporated into this count by reference.

45. As set forth in this complaint, Defendant has intentionally interfered with and intruded upon the solitude, seclusion and private affairs of Plaintiff without authorization or justification.

46. As set forth in this complaint, given that Plaintiff did not consent to receiving calls from Defendant to her cell phone – and, in fact, expressly revoked any such consent – Plaintiff had a reasonable expectation of privacy and seclusion as to her credit relationship with Defendant.

47. Defendant's conduct is highly offensive to any reasonable person.

48. As a direct and proximate result of Defendant's intentional intrusion upon the solitude, seclusion and private affairs of Plaintiff, Plaintiff has been damaged in specific amounts to be proved at trial.

49. Defendant's actions as set forth in this complaint were malicious, willful and/or undertaken with such reckless disregard of Plaintiff's rights that malice may be inferred, subjecting Defendant to liability for punitive damages in such an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sara A. Harris, respectfully requests that this Court enter judgment in her favor against Ann & Robert H. Lurie Children's Hospital of Chicago, as follows:

A. Enjoining Defendant from engaging in the business practices complained of herein, as provided under the TCPA (47 U.S.C. § 227(b)(3)(A));

B. Awarding Plaintiff statutory damages in the amount of $1,500.00 per unlawful call, as provided under the TCPA (47 U.S.C. §§ 227(b)(3)(B)-(C));

C. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under the ICFA and Illinois common law for invasion of privacy;

D. Awarding Plaintiff punitive damages, in such amounts as determined by the jury, as provided under the ICFA and Illinois common law for invasion of privacy;

E. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under the TCPA, the ICFA and Illinois common law for invasion of privacy; and

F. Awarding Plaintiff such other and further relief as may be just and proper.

Dated: May 11, 2018                                  Respectfully Submitted,

                                                  */s/ Geoff B. McCarrell*
                                                  Geoff B. McCarrell #0086427
                                                  David S. Klain #0066305
                                                  CONSUMER LAW PARTNERS, LLC
                                                  333 North Michigan Avenue, Suite 1300
                                                  Chicago, Illinois 60601
                                                  (267) 422-1000 (phone)
                                                  (267) 422-2000 (fax)
                                                  geoff.m@consumerlawpartners.com

                                                  *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                                  */s/ Geoff B. McCarrell*
                                                  Geoff B. McCarrell #0086427
                                                  CONSUMER LAW PARTNERS, LLC